1    Dariush G. Adli (SBN 204959)
     adli@adlilaw.com
2    Elizabeth Yang (SBN 249713)
     elizabeth.yang@adlilaw.com
3    ADLI LAW GROUP P.C.
     633 West Fifth Street, Suite 5880
4    Los Angeles, CA 90071
     Tel.:        (213) 623-6546
5    Fax:        (213) 623-6554

6    *Attorneys for Plaintiff COA Network, Inc.*

7    Robert A. Sacks (SBN 150146)
     sacksr@sullcrom.com
8    Brian R. England (SBN 211335)
     englandb@sullcrom.com
9    Edward E. Johnson (SBN 241065)
     johnsonee@sullcrom.com
10   SULLIVAN & CROMWELL LLP
     1888 Century Park East, Suite 2100
11   Los Angeles, California 90067-1725
     Tel.:        (310) 712-6600
12   Fax:        (310) 712-8800

13   *Attorneys for Defendant*
     *j2 Global Communications, Inc.*
14

15

16

17

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COA NETWORK, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>J2 GLOBAL COMMUNICATIONS, INC.,<br><br>            Defendant.<br><br>AND RELATED CROSS-ACTION | Case No.  2:10-cv-05010 DDP (AJWx)<br><br>**PROTECTIVE ORDER** |

1         The parties to this action stipulate to, and seek entry of, the following

2  Protective Order:

3         1.    "Confidential" information is information that, in good faith, a

4  party believes to contain (a) proprietary or commercially sensitive information

5  which is not publicly known and which its owner would not reveal to others except

6  in confidence; (b) personal financial information; or (c) information that should

7  otherwise be subject to confidential treatment under the Federal Rules of Civil

8  Procedure.  If a person, including a third party, producing information under this

9  Order (the "Producing Person") designates information as "Confidential," the

10  designated information shall be treated as Confidential unless successfully

11  challenged under ¶ 11.  When producing documents, the Producing Person shall

12  mark each page containing Confidential information as "Confidential."

13         2.    "Restricted Confidential" information shall be limited to

14  information that, in good faith, a party believes to contain (a) current and past

15  business planning and financial information; (b) trade secrets; (c) past or current

16  company personnel or employee information; (d) source code; and (e) information

17  concerning a party's sales or the design, structure or workings of a party's products

18  or systems which would, if it became known to other parties, harm the competitive

19  position of its owner.  If a Producing Person designates information as Restricted

20  Confidential under this Order, the designated information shall be treated as

21  Restricted Confidential unless successfully challenged under ¶ 11.  When

22  producing documents, the Producing Person shall mark each page containing

23  Restricted Confidential information as "Restricted Confidential."

24         3.    Any Producing Person, whether or not a party to this action,

25  may designate information as Confidential or Restricted Confidential under this

26  Order.

27         4.    When a document is designated as Confidential or Restricted

28  Confidential, the designation includes not only the document so designated, but

1    also any information derived from that document, and any copies, excerpts,

2    summaries, or compilations thereof.

3         5.    A person receiving information under this Order (the

4    "Receiving Person") shall use Confidential or Restricted Confidential information

5    (together, "Protected Information") only to conduct this litigation or any other

6    litigation between or among parties to this action, provided that such other

7    litigation does not involve any party that is not a party to this action.

8         6.    By receiving information under this Order, all Receiving

9    Persons agree to be subject to the jurisdiction of this Court concerning their use of

10   Protected Information.  All receiving persons other than attorneys, their staff, and

11   independent companies engaged by outside litigation counsel to perform litigation

12   support service, shall sign an acknowledgment in the form attached hereto as

13   Exhibit A, indicating that they have read and understood the terms of this Order

14   and agree to submit to the jurisdiction of the Central District of California for

15   enforcement of this Order.  Counsel for each party shall maintain all original

16   acknowledgments, and will produce the same to the opposing party when so

17   ordered by the Court.

18        7.    A Receiving Person may disclose Restricted Confidential

19   information only to the following:

20        a.    outside litigation counsel retained by a party in this action,

21   including attorneys, their staff, and independent companies engaged by outside

22   litigation counsel to perform litigation support services;

23        b.    in-house counsel of corporate named parties;

24        c.    independent experts or consultants retained by outside litigation

25   counsel;

26        d.    any person giving testimony in this action at deposition, trial or

27   hearing, but only if the person giving testimony is the creator, author or recipient

28   of the Restricted Confidential information; provided that such persons may not

-2-

1    retain any documents containing Restricted Confidential information provided to

2    them at such deposition, trial or hearing;

3            e.     the Court, its personnel and any court reporters involved in

4    taking or transcribing testimony in this action; and

5            f.     any other person by written agreement of the parties or by order

6    of the Court.

7            8.     A Receiving Person may disclose Confidential information only

8    to the following:

9            a.     persons listed in ¶ 7; and

10            b.     any person giving testimony in this action at deposition, trial or

11    hearing witnesses, but only for purposes of reasonable, material, and relevant

12    testimony or preparation of such testimony in the litigation, provided that such

13    persons may not retain any documents containing Protected Information; and

14            c.     employees of the Receiving Person to whom disclosure is

15    reasonably necessary for the management, supervision, or oversight of the

16    litigation.

17            9.     Before a Receiving Person can share Protected Information

18    received from another party in the litigation with an independent expert or

19    consultant under ¶ 7.c, the Receiving Person shall provide the Producing Person

20    written notice of its intention, which shall include the proposed expert's curriculum

21    vitae as well as a list of any previous or current relationship with any party to this

22    action.  If the Producing Person objects to the disclosure, it must send a written

23    objection, including a detailed explanation of its objection, that is received within

24    ten business days after the Producing Person's receipt of the written notice.

25    Absent a timely written objection, the Receiving Person may share Protected

26    Information with the independent expert.  If the Producing Person makes a timely

27    written objection, the Receiving Person shall not share Protected Information with

28    the independent expert until the objection is resolved by agreement or by the

-3-

Court.  If the parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of promptly filing a motion and establishing good cause to support its objection.  A producing party shall not seek discovery with respect to a consultant or other non-testifying expert of a party who has received Protected Information, absent a Court order pursuant to a motion made by the producing party.

10.    If not so designated in the transcript, deposition testimony shall be deemed Restricted Confidential until thirty days following the reporter's distribution of the final transcript.  During those thirty days, a Producing Person may designate portions of the transcript under ¶ 1 or ¶ 2 by sending written designations to all parties to this action.

11.    If a Receiving Person disagrees with a designation of information under ¶ 1 or ¶ 2, it shall provide the Producing Person written notice of its challenge.  If the parties cannot resolve this dispute, the Receiving Person may bring a motion challenging the designation under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of showing that the information is Confidential or Restricted Confidential.  Failure to challenge a designation immediately does not waive a Receiving Person's ability to bring a later challenge.

13. If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, it shall notify all Receiving Persons of its failure as soon as possible after discovery.  The Producing Person shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations.

14.    Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the Producing Person that any such privileged or immune document was produced through inadvertence, mistake, or other error, and

-4-

1    no waiver of privilege or immunity shall be deemed to have occurred.  Upon such

2    designation, the Receiving Person promptly shall make best efforts to collect all

3    copies of the documents and return them to the Producing Person.

4          15.    In the event that any Protected Information is used in any

5    proceeding in connection with this litigation, it shall not lose its Confidential or

6    Restricted Confidential status through such use, and the parties shall take all steps

7    reasonably required to protect its confidentiality during such use.

8          16.    To the extent that any Confidential or Restricted Confidential

9    information subject to this Protective Order (or any pleading, motion, or

10   memorandum referring to them) is proposed to be filed or is filed with the Court,

11   those materials and papers, or any portion thereof which discloses Confidential or

12   Restricted Confidential information, shall be presented to the judge (by the filing

13   party) accompanied by an application to file under seal in accordance with the

14   procedures set forth in Local Rule 79-5.1 and shall be marked "CONFIDENTIAL

15   INFORMATION FILED UNDER SEAL" on the outside of the sealing envelopes;

16   such application shall be directed to the judge to whom the papers are directed.

17   Pending a ruling on the application submitted in accordance with Local Rule 79-

18   5.1, the papers or portions thereof subject to the application shall be lodged under

19   seal.  However, only those portions of filings containing Confidential or Restricted

20   Confidential information shall be filed under seal.  The filing party shall also file

21   with the Court for regular filing a redacted version of any filing submitted under

22   Local Rule 79-5.1 in which any Confidential and/or Restricted Confidential

23   information shall be redacted.

24         17.    Nothing in this Order precludes any person from disclosing or

25   using in any manner its own information, or information not obtained under this

26   Order, even if the same information is also produced under this Order.

27         18.    Nothing in this Order precludes any person from showing a

28   document containing Protected Information to an individual who prepared or

-5-

1    received the document, or from disclosing Protected Information to a current

2    employee, officer or director of the Producing Person.

3              19.    No information may be withheld from discovery on the ground

4    that the material to be disclosed requires protection greater than that afforded by

5    this Protective Order unless the party claiming a need for greater protection moves

6    for an order providing such special protection pursuant to Rule 26(c) and Local

7    Rules 37-1 through 37-4.

8              20.    The Parties acknowledge and agree that nothing in this

9    protective order is intended to be construed inconsistently with the rights and

10   obligations of the Parties under Local Rules 37-1 through 37-4 governing

11   cooperation during discovery, and that, in the event of any inconsistency, the

12   procedures defined by the Local Rules shall govern.  If the Parties wish to file the

13   Joint Stipulation (or portions thereof) required by Local Rule 37-2 under seal, the

14   Parties may file a separate stipulation to that effect, or the moving party may file

15   an ex parte application making the appropriate request.  The Parties acknowledge

16   and agree that the stipulation or ex parte application must demonstrate good cause

17   as to why the Joint Stipulation or portions thereof should be filed under seal.

18   / / /

19   / / /

20   / / /

21

22

23

24

25

26

27

28

21.    Within sixty days of the termination of litigation between the parties, all Protected Information shall be destroyed or returned to the Producing Person, except that one designated outside litigation counsel of record for each party may maintain in its files one copy of each deposition transcript, each document filed with the Court, and each correspondence transmitted between outside counsel for the parties to this action.

So **ORDERED AND SIGNED** this  9th day of  November, 2011.


_____Andrew J. Wistrich /s/_____
HON. ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**<u>CERTIFICATE OF COMPLIANCE</u>**

I, _____ (print name), declare as follows:

I certify that I have received a copy of the Stipulated Protective Order ("Order") in the matter captioned <u>COA Network, Inc. v. j2 Global Communications, Inc</u>. United States District Court for the Central District of California, Case No. CV-10-5010 DDP (AJWx), which governs the production and use of Protected Information in this case.  I have read and understand the Order.  I hereby acknowledge that I am bound by the Order, and I agree to abide by it.  I further understand that the Protected Information many only be used in strict accordance with the terms of the Order and then only for the prosecution and defense of this litigation.

I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Order, and I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.


_____

(Signature)


_____

(Print Name)

-8-